**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

Revised 07/07 WDNY

_Jitka McIntosh_
                                    Pro Se

Jury Trial Demanded: Yes_____ No ✓

Name(s) of Plaintiff or Plaintiffs

_Bank of America, N.A._  -vs-

**DISCRIMINATION COMPLAINT**
_____-CV-_____

**08  CV  0503**
              S(Sr)

Name of Defendant or Defendants

You should attach a copy of your **original Equal Employment Opportunity Commission**
**(EEOC) complaint**, a copy of the Equal Employment Opportunity Commission **decision, AND**
a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint. Failure to do
so may delay your case.

**Note:** _Only those grounds raised in the charge filed with the Equal Employment Opportunity_
_Commission can be considered by the federal district court under the federal_
_employment discrimination statutes._

This action is brought for discrimination in employment pursuant to _(check only those that_
_apply)_:

**X** Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17
(amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race,
color, gender, religion, national origin).
> **NOTE:** In order to bring suit in federal district court under Title
> VII, you **must first obtain a right to sue letter** from the Equal
> Employment Opportunity Commission.

**X** Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634
(amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of
1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).
> **NOTE:** In order to bring suit in federal district court under the Age
> Discrimination in Employment Act, you **must first file charges** with the
> Equal Employment Opportunity Commission.

**X** Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117
(amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).
> **NOTE:** In order to bring suit in federal district court under the Americans
> with Disabilities Act, you **must first obtain a right to sue letter** from the
> Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the
aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be
appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of
1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above**, you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

_____ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

**PARTIES**

1. My address is: _PO Box 933_
   _Williamsville, NY 14231 - 0933_

   My telephone number is: _(716) 316 - 3939_

2. The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

   Name: _Bank of America, N.A._

   Number of employees: _210,000_

   Address: _901 North Tyron St._
   _Charlotte, N.C. 28255_

3. (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

   Name: _(Same)_

   Address: _____

**CLAIMS**

4. I was first employed by the defendant on (date): _10 - 20 - 2002_

5.  As nearly as possible, the date when the first alleged discriminatory act occurred is: *(2-2003)*
    *I filed 1st Complaint with this Court on 10-24-06 (a week prior I had annual meeting*
    *with my manager to make up sales goal, till March 2007)(The sales goal was Quarterly*
    *On 11-21-06 I served the Complaint to Defendant.* *requirement)*
    *On 12-5-06 Defendant issued me Final Warning to make that sales goal in 9 business days.*

6.  As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any
    did): **12-5-06** (see above *and on attached sheets*)
        *12-6-06 (see page 3, #21 on attached sheet)*
        *1-2-07 Employment was terminated by unlawful RETALIATION*

7.  I believe that the defendant(s)

    a. _____        Are still committing these acts against me.
    b. __X__        Are not still committing these acts against me.
    (Complete this next item **only** if you checked "b" above)  The last discriminatory act
    against me occurred on (date) *1-2-07   When Defendant terminated*
    _____                              *my employment - Retaliation*

8.  (Complete this section **only** if you filed a complaint with the New York State Division of
    Human Rights)

    The date when I filed a complaint with the New York State Division of Human Rights is

    _____

    _ (estimate the date, if necessary)

    I filed that complaint in (identify the city and state): _____

    _____

    The Complaint Number was: _____

9.  The New York State Human Rights Commission did _____ /did not    __X__
    issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one copy of the
    decision to **each** copy of the complaint; failure to do so will delay the initiation of your
    case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the
    Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged
    discriminatory conduct is: ___*02-01-2007*___

11. The Equal Employment Opportunity Commission did *5-9-2008* /did not
    _____ issue a decision. (**NOTE:** If it **did** issue a decision, you **must attach** one
    copy of the decision to **each** copy of the complaint; failure to do so will delay the
    initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to
    Sue letter which I received on: ___*5-9-2008*___. (**NOTE:** If it

3

did issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13. I am complaining in this action of the following types of actions by the defendants:

a. _____ Failure to provide me with reasonable accommodations to the application process

b. _____ Failure to employ me

c. **X** Termination of my employment

d. (x) Failure to promote me *(filed previously on 10-24-06 : 06-cv-0708 S (sr))*

e. **X** Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

f. **X** Harassment on the basis of my sex

g. **X** Harassment on the basis of unequal terms and conditions of my employment

h. **X** Retaliation because I complained about discrimination or harassment directed toward me *(EEOC and US Court)*

i. _____ Retaliation because I complained about discrimination or harassment directed toward others

j. (x) Other actions (please describe) *(filed previously on 10-24-06) (06-CV-0708 S(Sr)*

14. Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

a. _____ Race

b. _____ Color

c. **X** Sex

d. _____ Religion

e. **X** National Origin

f. _____ Sexual Harassment

g. **X** Age  ~~XX XX~~ -62  Date of birth

h. **X** Disability
Are you incorrectly perceived as being disabled by your employer?
✓ yes ___ no  *I was*

15. I believe that I was **X** /was not _____ **intentionally** discriminated against by the defendant(s).

4

16.  I believe that the defendant(s) is/are _____ is not/are not **X** still committing these acts against me. (If you answer is that the acts are not still being committed, state when: _01 - 02 - 2007_ and why the defendant(s) stopped committing these acts against you: _Defendant RETALIATED against me, terminated my employment_

17.  **A copy of the charge to the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of my claim.** (**NOTE**: You **must** attach a copy of the **original complaint** you filed with the Equal Employment Opportunity Commission and a copy of the **Equal Employment Opportunity Commission affidavit** to this complaint; failure to do so will delay initiation of your case.)

18.  The Equal Employment Opportunity Commission *(check one)*:
     _____ **has not** issued a Right to sue letter
     **X** **has** issued a Right to sue letter, which I received on _5 - 9 - 2008_

19.  State here as briefly as possible the *facts* of your case. Describe how each defendant is involved, including *dates* and *places*. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if necessary.)*

     _Please see attached Complaint, 7 pages._

**FOR LITIGANTS ALLEGING AGE DISCRIMINATION**

20.  Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct
     _____ 60 days or more have elapsed      **X** less than 60 days have elapsed

**FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM**

21.  I first disclosed my disability to my employer (or my employer first became aware of my disability on _winter 2002_ _(November or December 2002)_

5

22. The date on which I first asked my employer for reasonable accommodation of my disability is  _4 - 28 - 2005  to relocate within Defendant_

23. The reasonable accommodations for my disability (if any) that my employer provided to me are: _Started to Write me up in order to prevent me from relocation within Defendant. (in January 2005 I received AWARD for being the best employee in 2004). Defendant's reasons for writing me up were ridiculous._

24. The reasonable accommodation provided to me by my employer wore _____ /were not
    **X** effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: _07-07-2008_                    _Jillea Mehbdr_

                                              Plaintiff's Signature

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**JITKA M<sup>c</sup>INTOSH,**

          **Plaintiff,**

    v.

**BANK OF AMERICA,**

          **Defendant.**

**DISCRIMINATION COMPLAINT**
       **-CV-**

## Nature of the Action

1.     This is an action seeking redress for the violation of rights guaranteed to Plaintiff by the Title I of the Americans with Disabilities Act of 1990 (ADA) and Title VII of the Civil Rights Act of 1964

2.     Plaintiff's claims arise out of unlawful intentional and willful retaliation, discrimination, consisting of different treatment in the terms, conditions and privileges of her employment.

3.     Plaintiff filed a timely charge of retaliation, discrimination with the Equal Employment Opportunity Commission (EEOC) on 2-1-2007.     Exhibit A

4.     Plaintiff has satisfied all jurisdictional prerequisites for filing this action by receiving, upon completion of the EEOC's investigation into this matter, a Notice of Right to Sue, dated on May 9, 2008
                                                                                 Exhibit B

5.     together with letter from the EEOC which states that upon investigation EEOC found that: "... **We found that you were discriminated against in violation of the ADA and Title VII in that you were discharged in retaliation for complaining about discrimination, filing a previous EEOC Charge and filing a corresponding federal lawsuit against the respondent. We asked the respondent to engage in conciliation, however, it declined to do so. ..."**     Exhibit C

6.     EEOC's Determination letter dated on April 8, 2008, page 2, end of the first paragraph: **"Moreover, comparative analysis showed Charging Party performance was in line with other sales associates, and she was not the weakest performer."**     Exhibit D
Furthermore, the Conciliation of this matter was declined by Defendant.

7.     This Complaint is filed less than ninety days after the Plaintiff's receipt of the Notice of Right to Sue.

8.     Defendant is one of the biggest banks in the USA.

## Plaintiff's Background

9.     Plaintiff was born in the Czech Republic and is legally in the USA since May 1990. In 1998 Plaintiff graduated from University at Buffalo with BA. Plaintiff is a citizen of the USA since April 3, 2003 (while working for Defendant but she applied for citizenship **after** an extremely positive experience while working for the US SBA - federal government in a temporary position as Paralegal). USA is the only one citizenship what she has. Plaintiff's manager Diane Herman was processing Plaintiff's naturalization status changes for Defendant's human resources.

10.     Because of extremely harsh work conditions, on March 23, 2006 Plaintiff visited three government
offices:        1. FBI but Plaintiff was recommended to visit local Police,
                2. Immigration (how to get citizenship back), and then she went to apply directly with the
                3. EEOC (what become the previous charge with this Court 06-CV-0708 S(Sr)).

11.     Plaintiff worked as Sales Associate in Defendant's Accelerator Department (sales) from October
2002 till unlawfully terminated on 1-2-2007. Plaintiff held the same position for the whole duration of her
employment with Defendant, which was over 4 years.

12.     Plaintiff broke sales record by selling about same amount as the rest of the department of
AmericaWest Airlines credit cards. Plaintiff was monitored that she was making her sales according to
Defendant's policies.

13.     Plaintiff was the most productive employee compared to other co-workers. Plaintiff generated
significant Defendant's profit. Early in 2005 Defendant rewarded Plaintiff with a crystal plague for being the
most productive employee in 2004.

14.     On April 28, 2005, for the **first time**, Plaintiff expressed her intention to relocate within Defendant.
Plaintiff decided to relocate because of Defendant's hostile brutality, for not being treated equally compared
to American-born citizens (both whites and African-Americans), and also because of Plaintiff's health
condition which worsens in the winter.

15.     Plaintiff's manager told Plaintiff several times (in reference to recruiter's concern while manager was
not responding to their request, recruiter reminded Plaintiff to remind her manager): **"Why don't you move
back to your old country?!"** This is still hunting Plaintiff, she has live real nightmares hearing this order and
voice of her manager - Plaintiff wakens at night from sleep crying.

16.     Plaintiff was treated extremely differently that other American-born citizens. Was ever such citizen
told by other human being the same bizarre request as Plaintiff was? Why not?

17.     Plaintiff's manager started to write up Plaintiff for ridiculous reasons **after** the Defendant's recruiters
were contacting Plaintiff's manager in reference to her applications to relocate. Such punishment should
prevent Plaintiff to further relocate!

18.     Plaintiff wrote on her first Complaint 06-CV-0708 S(Sr) with the Court, dated **10-24-2006**, on
Page 4, #16 …I believe that Defendant …**X**… is still committing these acts… **"Will start again in
December '06 or January '07 when it will be 6 months after last written complaint against me."**
                                        AND
also on attached sheet of page 3 (the last page and the very last paragraph of the Complaint):
        **"10-24-06 I'm very afraid that something again will happen in December '06 or January '07…"**
**The retaliation took place on 1-2-2007, Plaintiff was so right!**
        *Please refer also to # 20 and further.*

19.     During Plaintiff's employment Defendant allowed other American-born co-workers who had lesser
sales results and less seniority to freely relocate from our department elsewhere within Defendant.
        Just to name few:       Jason Ordon
                                Johnette Pratt
                                Anthony Parisi (aka TJ)
                                Candace ?Turner? (Plaintiff is not sure about last name)
                                Lewis Wexler
                                Adam Hartwig
                                Eli Rozario
                                David Papaj        2

**Unlawful Retaliation Against Plaintiff**

20.     Plaintiff has received **treatment extremely different** from the treatment of similarly situated American-born co-workers (both white and African-American).

21.     During 2006 Plaintiff was in training for several weeks in order to help in the future with call volume in Customer Service department. After the training the sales declined due to Customer Service calls and managers had control over those calls, who will receive sales calls vs. Customer Service calls. At the end of the year Plaintiff's sales declined compared to previous periods because Customer Service calls were primarily directed to Plaintiff.

22.     In **mid October 2006** Plaintiff had annual review with her manager who advised Plaintiff that she has time **till March 2007** to make up for her sales goal (of about quarterly requirement). On 10-24-2006 Plaintiff filed Complaint 06-CV-0708 S(Sr) which was served by US Marshals on 11/21/2006 upon Defendant. This is the previous and pending charge.                                                                              Exhibit E

23.     On 12-6-2006 Plaintiff's manager called Defendant's human resources that Plaintiff has not changed her clothes in 13 business days… and there were further remarks about Plaintiff's personal hygiene. (Plaintiff has her HR file, this is truly a statement of Diane Herman, written in Plaintiff's file!) How derogatory and false statement! Just to show the hate and hostility toward a 'secondary' citizen who was NOT born in America.

24.     On 12-5-2006 Defendant issued Final Written Warning that Plaintiff must make the sales by the end of the 2006; therefore, Plaintiff had only 9 business days to meet the requirement. However, on 11-24-2006 Plaintiff's manager approved Plaintiff for vacation in last two weeks in December (where bank sales are not efficient). Plaintiff's vacation would expire if not used in 2006.

25.     Plaintiff was planning for vacation to the Caribbean, had difficulties to return on 1/1/2007. Plaintiff was not approved by her manager for unpaid leave for 1/2/2007; therefore, Plaintiff had to wait overnight in a cold airport hall for next flight to Buffalo on 1/2/2007 to be at work on time for her afternoon shift where her employment with Defendant was immediately terminated as unlawfully planned by Defendant. Patrick Marks told Plaintiff while terminating her employment, in reference to the sales goal she did not meet, that she is **"worn out"**! Yes, that was experience with Defendant and their brutality what made Plaintiff to become worn out for the rest of her life!

26.     As per EEOC's investigation, it is clear that this was a willful and unlawful retaliatory termination.

27.     Furthermore, Plaintiff developed jaw bone abscess due to the change of climate from warm Caribbean to a winter night spent in a cold airport hall. End of January 2007, Plaintiff had to be treated with expensive antibiotics. Plaintiff did not have health insurance and still does not have one.

28.     All of Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff due to unlawful discrimination, different treatment and retaliation.

**Plaintiff's Present Situation as a Result of Defendant's Willful and Unlawful Conduct**

29.     Plaintiff has no income. Last employer was Defendant. Unemployment expired in mid July 2007. Plaintiff had no income since! Plaintiff is applying for positions and waiting for decisions whether she should be granted employment. It is clearly Defendant's fault that Plaintiff is not employed; this was recently determined by EEOC's investigations that Defendant treated Plaintiff in manners that are against the law. It's a shame but Plaintiff appreciates financial help once a while from her father, also he sent her 2 loafs of bread (Plaintiff kept the official export document); her father has only basic retirement, he can't afford to

3

sponsor Plaintiff! …and still some people consider Plaintiff's origin as 3rd world country…
Presently, Plaintiff is seriously considering shutting off her utilities.

30.    All those experiences with Defendant are daily hunting Plaintiff, and constantly pouring bitter
tears into her eyes. At least it's summer; it was long cold winter, that lasted from 11/24/07 till 3/9/08. Plaintiff
had icicle on water faucet, her plants did not survive. Due to the cold climate Plaintiff had severe pain for few
weeks, was **unable to comb** her hair, and couldn't afford to seek medical help due to financial reasons.
Plaintiff has no medical insurance, doctors are refusing to see her without medical insurance. For sure the past
winter will have a negative effect on Plaintiff's future health because she wouldn't be able to afford to pay the
heat bill.                                                                                    Exhibits F, G, H and I

31.    Will Plaintiff be ever treated as human would deserve? Will Plaintiff be able to regain trust? Will
someone trust Plaintiff? That must be mutual thing.

32.    This is just proof of Defendant's extreme hate and brutality toward 'secondary citizen' who
apparently has absolutely no values. Defendant proved that Plaintiff was treated very differently compared to
American-born co-workers, both whites and African-Americans who had lesser sales results than Plaintiff
had; cruel happenings occurred way prior to Plaintiff's applications within Defendant to relocate, and prior to
her complaints to EEOC and to the US Court. Due to Defendant's inhuman treatment, Plaintiff was on
antidepressant medication in 2005, and in 2006 on controlled medications in order to help her sleep at night
(Ambien and Lunesta). Even with these medications Plaintiff was able to sleep only 5 hours per day! In
second quarter of 2006, due to harsh work conditions and harassment at work, Plaintiff read the whole Bible -
from cover to cover; first 12 chapters of Exodus (and many more others) reassemble Plaintiff's life under
Defendant's grounds and her attempt to relocate within Defendant. Plaintiff HAD job which she adored even
she was treated very differently. Although Plaintiff was treated as a slave, all what Plaintiff was showing to
Defendant over those years was love, dedication, appreciation, high ethics and morale, and her sales results
were the top 10% what significantly increased Defendant's revenue.

33.    During employment with Defendant and due to Defendant's horrible behavior toward Plaintiff, she
developed a passionate hobby - an understanding of slavery and African culture from the past. These were
cruel reflections of Plaintiff's bitter experience with Defendant. That's why Plaintiff was travelling very often
to the Caribbean, especially to Jamaica. There she spent about 15 weeks within 2 years (2004-2006) to show
love to these people. Plaintiff strongly believes that everything has its own reason, and that's why she had to
go through all of that. God sent her because only He sees into people's hearts and mind.

34.    Due to Defendant's unequal treatment extended to Plaintiff, she aged sooner by about 20 years. She
prematurely developed grey hair which is not a hereditary symptom in her family. Stigma resulting from
Defendant's behavior of unequal treatment, discrimination and retaliation traumatized Plaintiff's future
existence, reputation and employment possibilities.

## First Claim for Relief (Discriminatory Treatment)

35.    Defendant proved its willful prohibited conduct toward Plaintiff.

36.    As a result of the unlawful discrimination by Defendant, Plaintiff has suffered substantial monetary
damages, including loss of pay, and other employment benefits, bonuses, substantial loss of future earnings,
and loss of future pension contributions and appreciation.

37.    In addition, as a result of the willful and unlawful discrimination by Defendant, Plaintiff has suffered
tremendous emotional pain, suffering, inconvenience, mental anguish, severe humiliation, and damage to her
professional reputation.

4

38.     As a result of foregoing, Plaintiff is entitled to back-pay with interest, front pay and compensatory damages.

39.     Plaintiff is entitled to punitive damages, an award of the cost of this action, together with reasonable attorneys' fees and such other and further relief as this Court may deem just and proper.

40.     As a result of Defendant's misconduct, Plaintiff is entitled to reimbursement for past, present and future (three years) medical bills, treatments and counseling provided due to Defendant's misconduct.

41.     As a result of Defendant's misconduct, Defendant will pay for Plaintiff's medical insurance for the future three years.

42.     Defendant will be fully responsible for any Mediator's fees (if Mediator will be ordered by the US Court to assist in this Complaint) including travel to and from Mediator. Moreover, please compare Defendant's profits (being one of the biggest banks in the USA) TO Plaintiff's income.

43.     Defendant will reimburse Plaintiff (regardless where Plaintiff's winter residence is because Plaintiff can't afford to survive coming winter) for travel expenses to and from the US Court and any Court expenses including this Complain (Application) fee.

44.     Defendant will reimburse Plaintiff for education expenses, its interest and opportunity cost (for studies at University at Buffalo) which was not necessary according to Defendant's misconduct.

## Second Claim for Relief (Violation of ADA)

45.     Defendant proved its willful prohibited conduct toward Plaintiff.

46.     As a result of the unlawful discrimination by Defendant, Plaintiff has suffered substantial monetary damages, including loss of pay, and other employment benefits, bonuses, substantial loss of future earnings, and loss of future pension contributions and appreciation.

47.     In addition, as a result of the willful and unlawful discrimination by Defendant, Plaintiff has suffered tremendous emotional pain, suffering, inconvenience, mental anguish, severe humiliation, and damage to her professional reputation.

48.     As a result of foregoing, Plaintiff is entitled to back-pay with interest, front pay and compensatory damages.

49.     Plaintiff is entitled to punitive damages, an award of the cost of this action, together with reasonable attorneys' fees and such other and further relief as this Court may deem just and proper.

50.     As a result of Defendant's misconduct, Plaintiff is entitled to reimbursement for past, present and future (three years) medical bills, treatments and counseling provided due to Defendant's misconduct.

51.     As a result of Defendant's misconduct, Defendant will pay for Plaintiff's medical insurance for the future three years.

52.     Defendant will be fully responsible for any Mediator's fees (if Mediator will be ordered by the US Court to assist in this Complaint) including travel to and from Mediator. Moreover, please compare Defendant's profits (being one of the biggest banks in the USA) TO Plaintiff's income.

53.     Defendant will reimburse Plaintiff (regardless where Plaintiff's winter residence is because Plaintiff can't afford to survive coming winter) for travel expenses to and from the US Court and any Court expenses including this Complain (Application) fee.

54.     Defendant will reimburse Plaintiff for education expenses, its interest and opportunity cost (for studies at University at Buffalo) which was not necessary according to Defendant's misconduct.

## Third Claim for Relief (Violation of Title VII)

55.     Defendant proved its willful prohibited conduct toward Plaintiff.

56.     As a result of the unlawful discrimination by Defendant, Plaintiff has suffered substantial monetary damages, including loss of pay, and other employment benefits, bonuses, substantial loss of future earnings, and loss of future pension contributions and appreciation.

57.     In addition, as a result of the willful and unlawful discrimination by Defendant, Plaintiff has suffered tremendous emotional pain, suffering, inconvenience, mental anguish, severe humiliation, and damage to her professional reputation.

58.     As a result of foregoing, Plaintiff is entitled to back-pay with interest, front pay and compensatory damages.

59.     Plaintiff is entitled to punitive damages, an award of the cost of this action, together with reasonable attorneys' fees and such other and further relief as this Court may deem just and proper.

60.     As a result of Defendant's misconduct, Plaintiff is entitled to reimbursement for past, present and future (three years) medical bills, treatments and counseling provided due to Defendant's misconduct.

61.     As a result of Defendant's misconduct, Defendant will pay for Plaintiff's medical insurance for the future three years.

62.     Defendant will be fully responsible for any Mediator's fees (if Mediator will be ordered by the US Court to assist in this Complaint) including travel to and from Mediator. Moreover, please compare Defendant's profits (being one of the biggest banks in the USA) **TO** Plaintiff's income.

63.     Defendant will reimburse Plaintiff (regardless where Plaintiff's winter residence is because Plaintiff can't afford to survive coming winter) for travel expenses to and from the US Court and any Court expenses including this Complain (Application) fee.

64.     Defendant will reimburse Plaintiff for education expenses, its interest and opportunity cost (for studies at University at Buffalo) which was not necessary according to Defendant's misconduct.

## Fourth Claim for Relief (Retaliatory Discharge)

65.     Defendant proved its willful prohibited conduct toward Plaintiff.

66.     As a result of the unlawful discrimination by Defendant, Plaintiff has suffered substantial monetary damages, including loss of pay, and other employment benefits, bonuses, substantial loss of future earnings, and loss of future pension contributions and appreciation.

67.     In addition, as a result of the willful and unlawful discrimination by Defendant, Plaintiff has suffered tremendous emotional pain, suffering, inconvenience, mental anguish, severe humiliation, and damage to her professional reputation.

68.     As a result of foregoing, Plaintiff is entitled to back-pay with interest, front pay and compensatory damages.

69.     Plaintiff is entitled to punitive damages, an award of the cost of this action, together with reasonable attorneys' fees and such other and further relief as this Court may deem just and proper.

70.     As a result of Defendant's misconduct, Plaintiff is entitled to reimbursement for past, present and future (three years) medical bills, treatments and counseling provided due to Defendant's misconduct.

71.     As a result of Defendant's misconduct, Defendant will pay for Plaintiff's medical insurance for the future three years.

72.     Defendant will be fully responsible for any Mediator's fees (if Mediator will be ordered by the US Court to assist in this Complaint) including travel to and from Mediator. Moreover, please compare Defendant's profits (being one of the biggest banks in the USA) **TO** Plaintiff's income.

73.     Defendant will reimburse Plaintiff (regardless where Plaintiff's winter residence is because Plaintiff can't afford to survive coming winter) for travel expenses to and from the US Court and any Court expenses including this Complain (Application) fee.

74.     Defendant will reimburse Plaintiff for education expenses, its interest and opportunity cost (for studies at University at Buffalo) which was not necessary according to Defendant's misconduct.

### Fifth Claim for Relief (New York State Human Rights Law)

75.     Defendant proved its willful prohibited conduct toward Plaintiff.

76.     As a result of the unlawful discrimination by Defendant, Plaintiff has suffered substantial monetary damages, including loss of pay, and other employment benefits, bonuses, substantial loss of future earnings, and loss of future pension contributions and appreciation.

77.     In addition, as a result of the willful and unlawful discrimination by Defendant, Plaintiff has suffered tremendous emotional pain, suffering, inconvenience, mental anguish, severe humiliation, and damage to her professional reputation.

78.     As a result of foregoing, Plaintiff is entitled to back-pay with interest, front pay and compensatory damages.

79.     Plaintiff is entitled to punitive damages, an award of the cost of this action, together with reasonable attorneys' fees and such other and further relief as this Court may deem just and proper.

80.     As a result of Defendant's misconduct, Plaintiff is entitled to reimbursement for past, present and future (three years) medical bills, treatments and counseling provided due to Defendant's misconduct.

81.     As a result of Defendant's misconduct, Defendant will pay for Plaintiff's medical insurance for the future three years.

82.     Defendant will be fully responsible for any Mediator's fees (if Mediator will be ordered by the US Court to assist in this Complaint) including travel to and from Mediator. Moreover, please compare Defendant's profits (being one of the biggest banks in the USA) **TO** Plaintiff's income.

83.     Defendant will reimburse Plaintiff (regardless where Plaintiff's winter residence is because Plaintiff can't afford to survive coming winter) for travel expenses to and from the US Court and any Court expenses including this Complain (Application) fee.

84.     Defendant will reimburse Plaintiff for education expenses, its interest and opportunity cost (for studies at University at Buffalo) which was not necessary according to Defendant's misconduct.


DATED:          Buffalo, New York
                July 7, 2008

                Jitka M°Intosh
                PO Box 933
                Williamsville, NY 14231

8

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☐ FEPA  ☒ EEOC | 525-2007-00466 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Jitka Mcintosh  0 5 NOV 2007 | | ▮1962 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 933, Williamsville, NY 14231 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BANK OF AMERICA | 500 or More | (716) 635-0035 |

| Street Address | City, State and ZIP Code |
|---|---|
| 475 Cross Point Pkwy, Box 9000, Getzville, NY 14068 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BANK OF AMERICA | 500 or More | |

| Street Address | City, State and ZIP Code |
|---|---|
| 901 West Trade Center, NC1-003-09-11, Charlotte, NC 28255 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN

☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 06-19-2006 | 01-02-2007 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

AMENDED CHARGE. This charge is being amended to include sex and age bases. I began employment with the above named Respondent on October 21, 2002. I was last classified as a Senior Telephone Sales Associate. On May 1, 2006, I filed Charge Number 525-2006-00455 with the EEOC.

Shortly after filing that Charge, on June 19, 2006, I was issued a Final Written Counseling for alleged inappropriate behavior. The specific reasons identified by the Respondent for the discipline were misrepresented and factually untrue.

On July 24, 2006, I was issued a Notice of Right Sue from the EEOC with respect to Charge Number 525-2006-00455. On October 24, 2006, I filed a discrimination lawsuit in federal court. On November 21, 2006, notification of the lawsuit was served on the Respondent. Almost immediately following, on December 5, 2006, I was given a Final Written Warning from the Respondent based on alleged performance and behavioral concerns. The Respondent demanded that I meet a quarterly sales goal by the end of December, even though I had two weeks of use or lose vacation pre-approved, which gave me only one week to meet a goal that normally is expected over a full quarter. The goal was impossible to make. In fact, on October 31, 2006, I received my Annual Review from Diane Herman. At that time, I was behind in my goals. Ms. Herman advised me I had until March 2007, to meet the goals. However, as soon as the Respondent received notification of the lawsuit, my deadline was arbitrarily moved up, and I was unrealistically required to meet the goal by the end of the year.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| | X _____ |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE   11-5-07 |
| Date       Charging Party Signature | JEAN A. GLASER  Notary Public, State of New York  Commission Expires Nov. 26, 2010 |

CP Enclosure with EEOC Form 5 (5/01)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (5/01).

2. AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 525-2007-00466 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (if additional paper is needed, attach extra sheet(s)):

Then, on January 2, 2007, I was terminated for not meeting the Accelerator goal for 2006. I am aware of other employees who also did not make their sales goals, but there were not similarly terminated.

In addition, at the time of my termination, I inquired as to the status of my Reward Points. I had saved 18, 500 points throughout my employment. I was told to contact human resources. When I contacted human resources, I was informed the points expired on my last day of employment. The Respondent did not allow me to use the points the day I was terminated.

I believe I was discriminated based on my sex, female, because women tend to get sick more than men and can get pregnant. I also believe age was a factor because when I was discharged, the Respondent told me I was "worn out" with respect to my sales.

I believe I was treated in the above manner based on my sex, female; my age, 44, because I am from the Czech Republic and in retaliation for complaining about discrimination, filing a previous EEOC Charge and filing a federal lawsuit alleging discrimination. This is in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act, respectively.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 11-5-07<br>(month, day, year) |
| Date                    Charging Party Signature | JEAN A. GLASER<br>Notary Public, State of New York<br>My Commission Expires Nov. 28, 20__ |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| FEPA | |
| X EEOC | 525-2007-00466 |

New York State Division Of Human Rights                    and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | RECEIVED | Date of Birth |
|---|---|---|
| Ms. Jitka Mcintosh | | |

| Street Address | City, State and ZIP Code | 1 2 MAR 2007 |
|---|---|---|
| P.O. Box 933, Williamsville, NY 14231 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BANK OF AMERICA | 500 or More | (716) 635-0035 |

| Street Address | City, State and ZIP Code |
|---|---|
| 475 Cross Point Pkwy, Box 9000, Getzville, NY 14068 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BANK OF AMERICA | 500 or More | |

| Street Address | City, State and ZIP Code |
|---|---|
| 901 West Trade Center, NC1-003-09-11, Charlotte, NC 28255 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| | |
|---|---|
| [ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [X] NATIONAL ORIGIN | DATE(S) DISCRIMINATION TOOK PLACE |
| [X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] OTHER (Specify below.) | Earliest: 06-19-2006   Latest: 01-02-2007 |
| | [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with the above named Respondent on October 21, 2002. I was last classified as a Senior Telephone Sales Associate. On May 1, 2006, I filed Charge Number 525-2006-00455 with the EEOC.

Shortly after filing that Charge, on June 19, 2006, I was issued a Final Written Counseling for alleged inappropriate behavior. The specific reasons identified by the Respondent for the discipline were misrepresented and factually untrue.

On July 24, 2006, I was issued a Notice of Right Sue from the EEOC with respect to Charge Number 525-2006-00455. On October 24, 2006, I filed a discrimination lawsuit in federal court. On November 21, 2006, notification of the lawsuit was served on the Respondent. Almost immediately following, on December 5, 2006, I was given a Final Written Warning from the Respondent based on alleged performance and behavioral concerns. The Respondent demanded that I meet a quarterly sales goal by the end of December, even though I had two weeks of use or lose vacation pre-approved, which gave me only one week to meet a goal that normally is expected over a full quarter. The goal was impossible to make. In fact, on October 31, 2006, I received my Annual Review from Diane Herman. At that time, I was behind in my goals. Ms. Herman advised me I had until March 2007, to meet the goals. However, as soon as the Respondent received notification of the lawsuit, my deadline was arbitrarily moved up, and I was unrealistically required to meet the goal by the end of the year.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT X _____ SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 03 09 2007 (month, day, year) |

| Date | Charging Party Signature |
|---|---|

STEPHEN D. CARLSON
Notary Public, State of New York
Qualified in Erie County
My Commission Expires January 31, 2010

FD NYSDh W/ple

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (5/01).

2.   AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3.   PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation** is taken **against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

CHARGE OF DISCRIMINATION
This form is affected by the Privacy Act of 1974. See Privacy Act Case 1:08-cv-00503-HKS Document 1 Filed 07/07/08 Page 21 of 43
Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | FEPA | |
| | X EEOC | 525-2007-00466 |

**New York State Division Of Human Rights** and EEOC

_State or local Agency, if any_

THE PARTICULARS ARE (if additional paper is needed, attach extra sheet(s)):

Then, on January 2, 2007, I was terminated for not meeting the Accelerator goal for 2006. I am aware of other employees who also did not make their sales goals, but there were not similarly terminated.

In addition, at the time of my termination, I inquired as to the status of my Reward Points. I had saved 18,500 points throughout my employment. I was told to contact human resources. When I contacted human resources, I was informed the points expired on my last day of employment. The Respondent did not allow me to use the points the day I was terminated.

I believe I was treated in the above manner because I am from the Czech Republic and in retaliation for complaining about discrimination, filing a previous EEOC Charge and filing a federal lawsuit alleging discrimination. This is in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED

1 2 MAR 2007

E.E.O.C. BULO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 3-09. 200 (month, day, year) |
| Date                Charging Party Signature | |

STEPHEN D. CARLSON
Notary Public, State of New York
Qualified in Erie County
My Commission Expires January 31, 2010

Jitka M<sup>c</sup>Intosh
PO Box 933
Williamsville, NY 14231-0933

January 2, 2007

Mary C. Mack
VP; Human Resources Advisor III;  Generalist-CHLT
Bank of America
Gateway Village-900 Building
900 West Trade Street
Charlotte, NC 28255-0001


Dear Mary C. Mack:

Please accept this letter in reference to          Jitka M<sup>c</sup>Intosh 24734411
                                                   December 5, 2006
                                                   Bank of America Mortgage Servicing
                                                   Telemarketing Sales / Getzville NY

On 12/6/2006 at 9:45 am one employee was giving me a fax confirmation which was sent to you. I advised that employee that I did not fax that, and to put it back on the fax.
Since this confidential fax was faxed to you without a cover page, I noticed your name, and I would like to take the opportunity to honestly explain all.

On 12/5/2006 later afternoon I was presented with Final Written Counseling by Diane Herman and Pat Marks.

**Firstly**, I do not meet my sales goals.
Pat said: "If you don't make your goal in December than we'll take the next step." They said that I have to meet Accelerator $ 25,609 in customer fees. I have till the end of the year to make it!

I said: "Pat and Diane, you both know that this is impossible to make. There is only 1 week left to accomplish this. I have to take 2 weeks of my vacation, otherwise I'll loose it. This $ 25,609 is a quarterly goal! We all know that this is impossible to make in a week. What will happen if I don't make it?"

*[Recently, I was reminded by Pat to take my vacation that I have all vacation left, and that there is not too much time. I told him, that I took already some of my vacation in January 2006 so I have still some left but not all. (...error? ... Management computer screens did not register my vacation which I took in January '06 so it looked like I have all vacation left. I was on the phone with a customer when Pat approached me, I did not have my remaining vacation hours on hand at that moment. Later the same day I consulted Jeff Neal about my vacation but he advised me to talk to Diane Herman who was not in the office these few days. Next business day I consulted Diane Herman about approval to take the rest of my vacation.)]*

Pat said: "We'll call personnel, there will be a separation. If you don't make $ 25,609 in Accelerator, we'll call HR. I'm asking you to make your goal by the end of the month! It's up to you how you do it! I want to hear no excuses! We'll call HR how to handle this! Do you understand?!"

Mrs. Mack, I would appreciate if you could advise me about this. It is not pleasant situation for all of us.
1. I had Annual Review with Diane Herman on 10/31/2006. I was in deficit than. I was not advised that I will be required to meet the shortage by the end of the year. However, she advised me that we'll meet at the end of March 2007.
2. In 2006, my annual Accelerator goal is increased by $ 13,000 ($ 104,848 for 2006) compared to 2005.
3. There is one more thing which one could consider. Employees take vacation, personal time, holidays, snow disaster emergency ban and sick time which is total about 6 weeks. However, this is the same each year.
4. Moreover, compared to previous years, this year I had a required training for about 4 weeks after which I was every Monday (my 12 hour day) and Tuesday (8 hour day) strictly on customer service calls -- these sum to 11 weeks. This is total of 15 weeks of NOT doing just the sales I used to in the previous years.
5. There was total of 21 weeks this year where I was not making sales due to the above conditions.
6. Goal in 2006 divided by weeks times weeks worked in sales = 104,848/52*(52-21) = $ 62,505. I sold $ 77,054 as of 12/13/2006.

Today, on 1/2/2007 my employment was terminated because I did not make the Accelerator requirement for the whole year 2006. I asked how many employees are terminated today for the same reason? I received no answer.

**Secondly.**

1.  On 12/2/2006 Mrs. called asking me to check if we received her fax to restart her ACH.
    She said she was already on the ACH before.
    I was looking for her fax at the fax machine but nothing came through for that day yet. There was only 1 fax from 12/1/2006.
    I returned back to Mrs. and informed her that we did not received it. I checked with Mrs. the fax # she sent it to. Yes, she sent it to our department. Mrs. was extremely upset that her fax was lost, that should not happen and wanted to speak to the manager.

2.  I did check ACH1 and MAS1 screens and found out that she was on Auto draft previously. According to Bank of America policy, we do NOT need any written request from customer. She was given run-around by the previous representative! I tried to tell Mrs. that we do not need her fax to restart it, I can do it.

3.  Mrs. did not want to listen to me. She was upset that I'm giving her different info that the previous representative, and that I do not know what I'm doing but the previous representative did. Mrs. did not like that we did not receive her fax with sensitive information and hung up. I did not have a chance to reset the Auto draft.

I went to manager Ruth Jacobs with Mrs.' info from MAS1 screen to say that:

A.  Perhaps I should talk to Diane Herman on Monday about this.
B.  Mrs. called and was very upset that we did not receive her faxed confidential information to restart her Auto draft. But I did look everywhere around the fax machine, and there was no fax received today yet.
C.  Mrs. talked earlier today with Bonnie who gave her this instruction to fax her request in writing.
    However, we do not need any written request from her since she was already previously set up on Auto draft.
D.  Bonnie herself could easily restart this Auto draft for Mrs. without any run-around and further aggravation.
E.  Mrs. hung up.

Ruth Jacobs advised me to talk to Diane Herman about it.

On my way back to my desk from Ruth Jacobs, Bill Daugherty was talking to the same Mrs. He called Ruth to his desk. Ruth was further talking to Mrs. on the Bill's phone. I told Ruth again that we do not need fax, and we can set it up directly. Bill had to go to the fax machine to search for the fax but also could not find it. Ruth said that Mrs. is upset that we did not receive her fax. Ruth reset the Auto draft herself from the Bill's computer.

The above shows that NOT all representatives comply with Bank of America policies, procedures, guidelines and conditions.
As per the BoA policies, we do NOT need anything in writing to RESTART Auto draft. The first representative who talked to the Mrs. first should take care of that IMMEDIATELLY!

Yes, this is another example of customer service issue which it is being sent to Shaun in our department to take care of it later himself. Shaun sent us e-mail previously that whoever is sending such request to him must take care of that issue himself/herself.

If employees would follow the required policies:
1.  We all could solve the customer-resolution which comes first
2.  Customers would spent less time on the phone
3.  More positive customer experience
4.  The operation would be much smoother
5.  We would be able to take more calls
6.  We would make more sales
7.  We would have less waiting callers in the queue

I understand all of the above. I did comply with BoA ethics, policies, procedures, guidelines and conditions. I wish that situation will change in the future, and there will be someone who will view me as an honest person.

I see all of the above as inhuman treatment. It is sad that this is allowed within such a reputable corporation. In the past I was very happy and proud to work for Bank of America.

I appreciate your time, consideration and understanding. Thank you.

Sincerely,

*Jitka McIntosh*

Jitka McIntosh

# Fax Cover Sheet

TO: Mary C. Mack
VP; Human Resources Advisor III
Generalist-CHLT
Bank of America
Gateway Village-900 Building
900 West Trade Street
Charlotte, NC 28255-0001

FAX #: 704-602-5829

FROM: Jitka M[c]Intosh
PO Box 933
Williamsville, NY 14231-0933

Number of faxed pages including cover sheet: 3

NYS/DOL/Williamsville Fax:7166349262

** Transmit Conf.Report **

P.1 Jan 3 2007 13:31

| Location | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 17046025829 | NORMAL | 1/ 3,13:31 | 1'14" | 3 | * O K | |

*12-29-06 D. Herringer*
*mgt approval to take her*
*vacation (must be used*
*by the end of the year)!*
*12-18-06 ~ 12-29-06*

Jitka McIntosh 24734411
December 5, 2006          *6 pm*
Bank of America Mortgage Servicing
Telemarketing Sales / Getzville NY

## Counseling Administered By: Diane Herman and Patrick Marks

### Final Written Counseling - Performance and Behavior

This is a written warning to address not meeting your current sales goals and recent interaction with
management and customers. We met in October for your yearly review. At that time we discussed that
you were not meeting goals for the Accelerator Sales and Mortgage Rewards Refinance. Both October
& November Accelerator numbers were not met. At the end of November you are $25, 609 short to
make your goal for 2006. You will need 82 refinances to make your 2006 Mortgage Rewards goal.

On Saturday December 2, 2006 Jitka received a call from a customer requesting to be reset on ACH.
Bonnie Cooper had previously talked with the customer and had agreed to do the reset if the customer
faxed authorization to do so. Jitka was upset that Bonnie had requested the fax from the customer since
this was a Customer Service issue. Jitka told the customer that we do not handle those requests in our
department and that she would have to call back on Monday and speak with the Customer Service
department. I told Jitka that she could complete the request for the customer on Saturday and it was
unnecessary to have the customer call back at a later date. Jitka disagreed and said she would discuss
with Diane Herman on Monday. A few minutes after my conversation with Jitka, the customer called
back and spoke with Bill Daughtery. She was very upset that she is received conflicting information from
the same department. Bonnie told her it would be completed while Jitka told her no. She has now
spoken with five different people about her request. She was even directed to a branch to request the
ach reset (customer didn't remember associate that sent her to a branch). I apologized for the confusion
and told her we do the reset. Bill completed the work. I also requested a $25 GC be sent to the
customer due to her negative experience.

In summary, the customer called back after speaking with Bonnie just to see if her faxed was received   *1. searched for*
by our office. Jitka should have searched and confirmed that the fax was received and completed the   *fax, NOT the*
work herself. There is no reason why the customer should have been told that our department is unable   *Mrs. said Jobit*
to fulfill her request.

*Then Bill associated: knew that I indeng*
You are expected to follow the policies and guidelines of Bank of America. You are to work toward a   *it for the fax, s*
higher standard of excellence with your sales goals, customers and your fellow teammates.   *the faxed info is NOT here.*

You must also comply with all Bank of America policies, procedures, guidelines and conditions of
employment, including but not limited to those set forth in the Associate Handbook and Bank of America
Corporation Code of Ethics.

You are expected to demonstrate immediate and sustained improvement in the areas specifically
addressed concerning your behavior, and to comply with the policies, procedures, guidelines and
conditions of employment set forth above. Failure to meet expectations may result in further disciplinary
action up to and including termination.

_____          _____
(Associate Signature)                    (Manager Signature)

# EXHIBIT B

EEOC Form 161-A (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Jitka Mcintosh<br>P.O. Box 933<br>Williamsville, NY 14231 | From: | Buffalo Local Office<br>6 Fountain Plaza<br>Suite 350<br>Buffalo, NY 14202 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2007-00466 | Jennifer Carlo,<br>Investigator | (716) 551-4442 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Elizabeth Cadle,
Director

MAY 09 2008

*(Date Mailed)*

cc:
Bank of America
c/o Gina D. Wodarski, Esq.
Edwards, Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199

Bank of America
c/o James J. Rooney, Esq.
Bond Schoeneck & King PLLC
40 Fountain Plaza, Suite 600
Buffalo, NY 14202

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a **record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit **before 7/1/02** -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT C



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Buffalo Local Office

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

Jitka McIntosh
P.O. Box 933
Williamsville, NY 14231

> Re:   EEOC Charge No.: 525-2007-00466
>       Jitka McIntosh v. Bank of America

Dear Ms. McIntosh:

We recently investigated the above named respondent under Title I of the Americans with
Disabilities Act of 1990 (ADA), Title VII of the Civil Rights Act of 1964, as amended, (Title
VII) and the Age Discrimination in Employment Act (ADEA). We found that you were
discriminated against in violation of the ADA and Title VII in that you were discharged in
retaliation for complaining about discrimination, filing a previous EEOC Charge and filing a
corresponding federal lawsuit against the respondent. We asked the respondent to engage in
conciliation, however, it declined to do so. The Commission may request relief to be provided
but cannot order it.

The EEOC has decided that it will not bring a lawsuit in this case. This does not affect your
right to sue under the ADA or Title VII. However, your suit must be brought within 90 days of
receipt of this letter. Otherwise your right to sue is lost.

If you intend to sue, you should promptly contact an attorney. If you file suit, please send a copy
of your court complaint to this office within 10 days. We can then preserve your file and
consider your suit when taking other actions. Please call Jennifer Carlo at (716) 551-4442 if you
have any questions.

On Behalf of the Commission,

Elizabeth Cadle, Director
Buffalo Local Office

Date:   MAY 09 2008

# EXHIBIT D

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4441
TTY (716) 551-5923
FAX (716) 551-4387

Charge No: 525-2007-00466

Jitka McIntosh
P.O. Box 933
Williamsville, New York 14231

Charging Party

Bank of America
475 Cross Point Parkway
Box 9000
Getzville, New York 14068

Respondent

## **DETERMINATION**

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of this charge. Respondent is an employer within the meaning of the Age Discrimination in Employment Act (ADEA), Title I of the Americans with Disabilities Act of 1990 (ADA) and Title VII of the Civil Rights Act of 1964, as amended (Title VII). Timeliness, deferral and all other requirements for coverage have been met.

Charging Party alleged she was issued a final written warning on June 19, 2006, and she was subsequently discharged on January 2, 2007, based on her national origin, Czech Republic; sex, female; age, 44; disability; and in retaliation for filing a previous Charge of Employment Discrimination with the Equal Employment Opportunity Commission (EEOC) and corresponding federal lawsuit against the Respondent.

Respondent denied the allegations and stated Charging Party was afforded coaching, feedback, formal counseling and two final written warnings as a result of her unsatisfactory behavior and performance in the workplace. Respondent indicated Charging Party failed to show improvement, and accordingly her employment was terminated.

The issue involving the final written warning was previously addressed by the EEOC via Charge 525-2006-00455. Charging Party subsequently filed in Federal District Court on the same bases and issue (Complaint Number 06 CV 0708). Since this same disciplinary issue before the EEOC is the same issue as in the court action, a final court judgment on the merits will preclude Charging Party from further pursuit of these matters, including before the EEOC. The only remaining issue in the Charge is the discharge issue. With respect to the bases of age, sex, and national origin, the investigation showed self-defeating comparative information and no evidence of a discriminatory animus. With respect to the disability issue, the EEOC previously determined in the processing of 525-2006-00455 that Charging Party does not meet the definition of a qualified individual with a disability under the ADA.

Page 2                                                    Charge No.: 525-2007-00466

However, the evidence showed it was more likely than not that Charging Party was discharged in retaliation for filing a previous EEOC Charge and filing a subsequent lawsuit in Federal District Court. A chronology of the facts supports a strong nexus between the time the Respondent received notification of the lawsuit and the Charging Party's discharge. In October 2006, Charging Party was given a performance evaluation in which she was given until March 2007 to show improvement. Respondent received notification of Charging Party's lawsuit on or about November 21, 2006. Approximately two weeks later on December 5, 2006, Respondent placed Charging Party on a second final written warning, arbitrarily moving up the deadline for Charging Party to meet her sales goals to the end of the month. Respondent was aware Charging Party had two weeks pre-approved leave time, therefore the demand was unattainable. Moreover, comparative analysis showed Charging Party performance was in line with other sales associates, and she was not the weakest performer.

Based on this analysis, I have determined that the evidence obtained during the investigation does not establish a violation of Title VII, the ADA or the ADEA with respect to Charging Party's claims involving discipline and discharge based on sex, national origin, disability and age. There is, however, reasonable cause to believe that Respondent violated the statutes in that the Charging Party was discharged in retaliation for complaining about discrimination. This letter will be the only notice of the Charging Party's right to sue sent by the Commission. Following this dismissal, the Charging Party may only pursue the issues of discipline and discharge in court under Title VII, ADA and the ADEA, based on sex, national origin, disability and age by filing suit against the Respondent within ninety (90) days of the receipt of this letter. Otherwise, the Charging Party's right to sue on these issues and bases will be lost.

Upon finding that there is reason to believe that a violation of Title VII and the ADA has occurred with respect to the retaliation basis and discharge issue, the Commission will attempt to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution to this matter. The confidentiality provisions of the Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A representative of this office will contact each party shortly to begin the conciliation process

                                          On Behalf of the Commission:

APR 0 8 2008

_____                       _____
Date                                      Elizabeth Cadle, Director
                                          Buffalo Local Office

# EXHIBIT E

**U.S. Department of Justice**
**United States Marshals Service**

# PROCESS RECEIPT AND RETURN
*See Instructions for "Service of Process by the U.S. Marshal"*
*on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Jitka McIntosh | 06 CV 0708 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Bank of America | |

**SERVE** — NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Bank of America

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** 901 North Tryon St., Charlotte, NC 28255

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Jitka McIntosh
PO Box 933
Williamsville NY 14231-0933

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Signature of Attorney or other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT  TELEPHONE NUMBER: 716-316-3939  DATE: 11-09-06

---

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)

Total Process: 2
District of Origin No. 55
District to Serve No. 65

Signature of Authorized USMS Deputy or Clerk  Date: 11/21/06

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode |
|---|---|---|
| Address (complete only if different than shown above) | | Date of Service / Time — am / pm |
| | | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

**REMARKS:**

Mailed 11/21/06

*Exhibit E*

**PRIOR EDITIONS MAY BE USED** — **5. ACKNOWLEDGMENT OF RECEIPT** — FORM USM-285 (Rev. 12/15/80)

# EXHIBIT F

**Winter 2007/2008 in Plaintiff's home**



Office                                                           Living room

Bedroom

**Exhibit F**

# EXHIBIT G

Winter 2007/2008 in Plaintiff's home



Living room



Bedroom

**Exhibit G**

# EXHIBIT H

**Winter 2007/2008 in Plaintiff's home**





Office                                    Living room



Bedroom

**Exhibit H**

# EXHIBIT I

**Winter**

from **11/24/2007** till **3/9/2008**

Exhibit I