UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JITKA MCINTOSH,

                                **Plaintiff,**                  08-CV-0503S(Sr)

v.

BANK OF AMERICA,

                                **Defendant.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #15.

Currently before the Court is defendant's motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint in so far as it claims disability, age and sex discrimination for failure to exhaust administrative remedies.  Dkt. #5.  For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

Plaintiff was born in the Czech Republic and entered the United States in 1990.  Dkt. #1, p.7, ¶ 9.  She began employment with the defendant as a Sales Associate in October, 2002.  Dkt. #1, p.8, ¶ 11.  Plaintiff became a United States citizen on April 3, 2003.  Dkt. #1, p.7, ¶ 9.

On April 28, 2005, plaintiff expressed her intention to transfer to another Bank of America office. Dkt. #1, p.8, ¶ 14. Plaintiff alleges that she "decided to relocate because of Defendant's hostile brutality, for not being treated equally compared to American-born citizens (both whites and African-Americans), and also because of Plaintiff's health condition which worsens in the winter." Dkt. #1, p.8, ¶ 14. Plaintiff's manager allegedly responded to plaintiff's interest in a transfer by asking, "Why don't you move back to your old country?" Dkt. #1, p.8, ¶ 15. Subsequently, plaintiff's manager began to write her up "for ridiculous reasons." Dkt. #1, p.8, ¶ 17.

On March 23, 2006, plaintiff filed a Charge of Discrimination with the New York State Division of Human Rights ("NYSDHR"). 06-CV-708 at Dkt. #1. On July 24, 2006, plaintiff received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission ("EEOC"). 06-CV-708 at Dkt. #1, p.9. Plaintiff commenced suit on October 24, 2006, alleging violation of Title VII of the Civil Rights Act of 1994 ("Title VII"), as amended, 42 U.S.C. § 2000(e) *et seq,* and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 *et seq*. 06-CV-708 at Dkt. #1. Plaintiff complained that because of her sex, national origin and disability, she was denied promotion and reasonable accommodations and that she was harassed and retaliated against for complaining about discrimination and harassment directed at her and toward others. 06-CV-708 at Dkt. #1.

Plaintiff was terminated from her employment on January 2, 2007. Dkt. #1, p.8, ¶ 11. On March 9, 2007, plaintiff filed a second Charge of Discrimination with

the NYSDHR alleging discrimination based on national origin and retaliation. Dkt. #1, p.19. Specifically, plaintiff alleged that on June 19, 2006, shortly after she filed her original charge with the EEOC, she received a Final Written Counseling based upon factually untrue allegations and that she received another unwarranted Final Written Counseling on December 5, 2006, shortly after filing her lawsuit with respect to the original charge. Dkt. #1, p.19. Plaintiff alleged that her termination was based upon her failure to meet the unrealistic requirements set forth in the December 5th Final Written Counseling. Dkt. #1, pp.19 & 21. Plaintiff indicated her belief that defendant treated her in this manner because she was "from the Czech Republic and in retaliation for complaining about discrimination, filing a previous EEOC Charge and filing a federal lawsuit alleging discrimination." Dkt. #1, p.21.

On November 5, 2007, plaintiff amended her second Charge of Discrimination "to include sex and age bases." Dkt. #1, p.16. Plaintiff also checked off the box relating to discrimination based upon disability. Dkt. #1, p.16. Specifically, plaintiff alleged that she believed she

> was discriminated [sic] based on my sex, female, because women tend to get sick more than men and can get pregnant. I also believe age was a factor because when I was discharged, the Respondent told me [sic] was "worn out" with respect to my sales.
>
> I believe I was treated in the above manner based on my sex, female; my age, 44, because I am from the Czech Republic and in retaliation for complaining about discrimination, filing a previous EEOC Charge and filing a federal lawsuit alleging discrimination. This is in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act, respectively.

Dkt. #1, p.18.

The EEOC issued a Notice of Right to Sue (Conciliation Failure), dated May 9, 2008, stating that it "found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you." Dkt. #1, p.27.

Plaintiff commenced this action *pro se* on July 7, 2008, using the Court's Discrimination Complaint Form for *Pro Se* Litigants. Dk.t #1. Plaintiff alleges employment discrimination on the basis of sex and national origin, in violation of Title VII; age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § § 621 *et. seq.*; and disability, in violation of the ADA. Dkt. #1. Plaintiff complains that she was denied promotion, denied reasonable accommodations, terminated, harassed on the basis of her sex, denied equal terms and conditions of employment and retaliated against for complaining about defendant's discrimination and harassment. Dkt. #1.

Attached to the Court's Discrimination Complaint Form for *Pro Se* Litigants is a "Discrimination Complaint" which appears to repeat the allegations and causes of action set forth in the Court's Discrimination Complaint Form for *Pro Se* Litigants but also appears to assert a claim for relief pursuant to the New York State Human Rights Law ("NYSHRL"). Dkt. #1, pp.7-14.

## DISCUSSION AND ANALYSIS

Defendant argues that plaintiff's claims of disability, age and sex discrimination as set forth in her amended charge dated November 8, 2007, are untimely because those allegations were not filed with the EEOC within 300 days of the alleged discriminatory conduct. Dkt. #6, p.6.

Plaintiff responds that she filed all of her charges and complaints in a timely manner. Dkt. #9.

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). In a deferral state such as New York, a complaint is timely if it is filed with the state agency (NYSDHR), within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). The ADA incorporates the administrative exhaustion procedures set forth in Title VII. 42 U.S.C. § 12117(a). The ADEA similarly requires a plaintiff to file a Charge of Discrimination with the state agency within 300 days after the alleged discrimination. 29 U.S.C. § 626(d)(1)(B). The exhaustion of administrative remedies is an essential element of the statutory scheme and defendants are entitled to insist that plaintiffs comply with this requirement as a precondition to the filing of a lawsuit. *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir. 2000).

Plaintiff's Charge of Discrimination dated March 9, 2007 is timely as it alleges discriminatory acts on June 19, 2006; December 5, 2006; and January 2, 2007, all of which are within 300 days of her filing with the NYSDHR. Thus, plaintiff exhausted her administrative remedies with respect to her claim of discrimination based on national origin and retaliation.

In contrast, plaintiff's amended Charge of Discrimination was not filed with the NYSDHR until November 5, 2007, which is more than 300 days after her termination. As a result, the allegations contained in the amended Charge of Discrimination are untimely unless they are reasonably related to the allegations set forth in the March 9, 2007 Charge of Discrimination. *See Deravin,* 335 F.3d at 200 ("claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency."), *quoting, Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam).

"A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Deravin,* 335 F.3d at 200, *quoting Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001), *cert. denied*, 536 U.S. 922 (2002). "[T]he factual allegations in the EEOC charge, rather than any legal theories stated therein, should be the focus for determining whether a cause of action is reasonably related to the plaintiff's EEOC charge." *Bridges v. Eastman Kodak Co.*, 822

F. Supp. 1020, 1026 (S.D.N.Y. 1993). As plaintiff's allegations of discrimination on the basis of age, sex and disability are not reasonably related to her allegations of national origin discrimination and retaliation, defendant's motion to dismiss is granted with respect to these claims.

**New York State Human Rights Law**

Plaintiff also claims relief pursuant to the NYSHRL. Dkt. #1, p.13. Although there is no analogous exhaustion requirement for claims pursuant to the NYSHRL, district courts commonly decline to exercise supplemental jurisdiction of such claims when their federal counterparts are dismissed for failure to exhaust administrative remedies in order to prevent plaintiffs from circumventing federal administrative exhaustion requirements. *See Spurlock v. NYNEX*, 949 F. Supp. 1022, 1035 (W.D.N.Y. 1996). In accordance with this analysis, the Court declines to exercise supplemental jurisdiction over plaintiff's NYSHRL claims except to the extent that plaintiff is alleging discrimination on the basis of national origin and retaliation.

**Consolidation**

"A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*." *Devlin v. Transp. Commc'ns Int'l*. 175 F.3d 121, 130 (2d Cir. 1999). Rule 42(a) provides that the court may consolidate the actions where they involve a common question of law or fact. Fed. R. Civ. P. 42(a). Consolidation should be prudently employed as a valuable and important tool of judicial administration,

invoked to expedite trial and eliminate unnecessary repetition and confusion. *Devlin*, 175 F.3d at 130.

A district court "has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990). "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin*, 175 F.3d at 130. However, "efficiency cannot be permitted to prevail at the expense of justice – consolidation should be considered when savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*." *Id.* (internal quotation omitted).

As it is clear that plaintiff's remaining claims of national origin discrimination and retaliation are factually dependent upon her claims of national origin, sex and disability discrimination and retaliation set forth in 06-CV-708, and both lawsuits involve the same parties and statutory schemes, the Court finds *sua sponte* that justice will best be served by consolidating this action with 06-CV-708.

## **CONCLUSION**

For the foregoing reasons, defendant's partial motion to dismiss (Dkt. #5), is granted and plaintiff's claims of discrimination on the basis of age, sex and disability are dismissed for failure to exhaust administrative remedies.

The Clerk of the Court is directed to consolidate the causes of action remaining in this lawsuit, *to wit*, national origin discrimination in violation of Title VII and the NYSHRL and retaliation in violation of Title VII, the ADA and the NYSHRL, with 06-CV-708.

**SO ORDERED.**

DATED:    Buffalo, New York
              September 4, 2009

                                                      _s/ H. Kenneth Schroeder, Jr._
                                                      **H. KENNETH SCHROEDER, JR.**
                                                      **United States Magistrate Judge**